F I L E D
United States Court of Appeals
Tenth Circuit

JUN 16 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENN CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

    v.

DONALD GENE WILEY,

    Defendant-Appellant.

No. 96-2109
(D.C. No. CIV 95-1136 JP/LCS)
(Dist. N.M.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Donald Gene Wiley, a pro se inmate, appeals the district court's denial of his petition for writ of habeas corpus under 18 U.S.C. § 2255. We treat Wiley's appeal as a request for a certificate of appealability (see United States v. Riddick, 104 F.3d 1239, 1241 (10th Cir. 1997)) and deny the request, finding he has failed to make a substantial showing of the denial of a constitutional right.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

While on parole for a 1986 Mexico conviction for transportation of marijuana, Wiley made an emergency landing of an airplane in Mexico on November 28, 1989, during an attempt to import marijuana into the United States. He was arrested by Mexico authorities, was convicted of possession of marijuana on February 25, 1991, and was sentenced to nine years' imprisonment. Wiley was charged with drug-related crimes in the United States based on the same conduct and was transferred to the United States pursuant to 18 U.S.C. § 4100 *et seq*. The United States determined Wiley's offense was most similar to 21 U.S.C. § 841, importation of a quantity of marijuana, and the appropriate guidelines range for the offense would be 57-71 months with a release date after 60 months of imprisonment.

Wiley pled guilty to attempted importation of marijuana, 21 U.S.C. § 963, on December 4, 1992. The sentencing court computed the appropriate guidelines sentence at 120 months, but imposed a 60-month sentence as a result of the plea agreement. The sentence was to be served concurrently with the nine-year sentence (determined to require service of 60 months in the United States) imposed as a result of the 1991 Mexico conviction. Wiley did not file a direct appeal.

Wiley filed a petition for habeas relief pursuant to 28 U.S.C. § 2255, alleging violations of double jeopardy protections, ineffective assistance of counsel, and an illegal or unintelligible sentence. The court denied Wiley's petition and subsequently denied Wiley a certificate of appealability. The United States has filed a motion to dismiss the appeal for lack of subject matter jurisdiction. We conclude that we have jurisdiction to consider Wiley's notice of appeal as an application for a certificate of appealability and to consider whether Wiley has made the requisite showing for such a certificate.

Because Wiley filed his notice of appeal after enactment of the Antiterrorism and Effective Death Penalty Act, he must obtain a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) by making a "substantial showing of the denial of a constitutional right." See Riddick, 104 F.3d at 1240. The power of the district court to issue a certificate of appealability in appeals arising under § 2255 remains unresolved in this circuit. Houchin v. Zavaras, 107 F.3d 1465, 1469 (10th Cir. 1997) (holding district courts have authority to issue certificates in § 2254 appeals, but explicitly declining to address whether district courts have similar authority in § 2255 appeals). We need not reach that issue here because the district court denied the certificate.

Wiley asserts two constitutional violations potentially capable of supporting a certificate of appealability. First, he argues he was prosecuted, convicted, and sentenced in violation of the double jeopardy clause of the Fifth Amendment. Wiley did not file a direct appeal and he has not made the required showing to assert this issue in a collateral action. See United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) (failure to raise issue on direct appeal bars issue in § 2255 motion, absent showing of cause and actual prejudice or fundamental miscarriage of justice if claim not addressed); but cf. United States v. Galloway, 56 F.3d 1239, 1241 (10th Cir. 1995) (procedural bar rule does not apply to ineffective assistance of counsel claims).

Second, Wiley argues he received ineffective assistance of counsel because (1) defense counsel did not advise Wiley of the existence of a meritorious double jeopardy claim, and (2) defense counsel advised him that his sentence under the plea agreement would result in his release at about the same time as he would be released from the sentence for his Mexico conviction.

Wiley was not denied effective assistance of counsel with regard to the advice he received concerning a double jeopardy defense because no double jeopardy defense was available. Wiley's Mexico and United States convictions arising from the same conduct resulted from offenses against two separate sovereigns and do not violate double jeopardy. Rinaldi v. United States, 434 U.S. 22 (1977). Wiley's allegation that the dual convictions nevertheless violate the transfer treaty does not assert a constitutional claim. Moreover, it is meritless. The treaty provides that a person transferred to the United States shall not be prosecuted by the United States "for any offense the prosecution of which would have been barred if the sentence upon which the transfer was based had been by a court of the jurisdiction seeking to prosecute the transferred offender." 18 U.S.C. § 4111. The treaty does not protect defendants from being placed twice in jeopardy generally, but only protects against second jeopardy where a defendant is convicted and sentenced in the sending state. Wiley concedes he was convicted and sentenced in Mexico only on a possession charge, requiring proof of different elements than the United States conviction. See generally Blockburger v. United States, 284 U.S. 299 (1932). Consequently, there is neither a double jeopardy nor a treaty violation. Counsel's failure to inform Wiley of availability of a valid double jeopardy defense is not ineffective assistance.

Wiley's second claim of ineffective assistance is that defense counsel informed him of an erroneous estimate of the length of time he would be held in custody under the plea agreement. According to Wiley, he understood that his sentence would terminate at about the same time as his Mexico sentence. "[A]n erroneous estimate by counsel as to the length of sentence" is not "necessarily indicative of ineffective assistance." Beckham

v. Wainwright, 639 F.2d 262, 265 (5th Cir. 1981); see also Johnson v. Massey, 516 F.2d 1001 (5th Circ. 1975) (good-faith but erroneous prediction of sentence by defendant counsel does not render guilty plea involuntary). To succeed on an ineffectiveness of counsel claim, a defendant must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Wiley alleges no prejudice in this case beyond the allegation that counsel's ineffectiveness permitted imposition of an illegal sentence.

Wiley argues the sentence imposed is illegal because it is too lengthy. Wiley stipulated in the district court that "the term of the sentence in this case is not being challenged herein." Append. at 15. In essence, Wiley argues his United States sentence should relate back to his second arrest in Mexico, which led to his Mexico conviction arising from the same conduct for which he was sentenced in the United States. Wiley contends the sentence violates U.S.S.G. § 5G1.3(c). He did not make this argument before the district court, arguing instead that the sentence violated another provision of the guidelines. We will not consider an argument not brought before the district court. See In re Walker, 959 F.2d 894, 896 (10th Cir. 1992). Wiley has failed to show any prejudice from the alleged deficiency of his counsel.

Wiley's application for a certificate of appealability is DENIED. The mandate shall issue forthwith.

> Entered for the Court
>
> Mary Beck Briscoe
> Circuit Judge

-5-