F I L E D
United States Court of Appeals
Tenth Circuit

JUN 10 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

MARCO SALAZAR,

　　　　Defendant-Appellant.

No. 97-4124
(D.C. No. 96-CV-552-J)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

*　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Marco Antonio Salazar appeals from the district court's denial of his motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255. Petitioner was convicted of aiding and abetting possession of cocaine with intent to distribute, and carrying or using a firearm in relation to a drug trafficking offense. His convictions were affirmed on direct appeal. See United States v. Salazar, No. 94-4190, 1995 WL 600516 (10th Cir. Oct. 12, 1995) (unpublished order and judgment). Proceeding pro se, petitioner filed for federal habeas relief pursuant to § 2255. After counsel was appointed and oral argument heard, the district court denied petitioner's request for relief.

Because petitioner's appeal postdated the enactment and effective date of the Antiterrorism and Effective Death Penalty Act, petitioner was required to obtain a certificate of appealability, pursuant to 28 U.S.C. § 2253(c) before taking his appeal from the district court's judgment. The district court denied petitioner's request, concluding that it lacked subject matter jurisdiction, citing United States v. Wiley, No. 96-2109, 1997 WL 325912, at **1 (10th Cir. June 16, 1997) (unpublished order and judgment) ("The power of the district court to issue a certificate of appealability in appeals arising under § 2255 remains unresolved in this circuit."). Petitioner argues, on appeal, that the district court erred in determining it lacked subject matter jurisdiction. However, as in Wiley, we need not reach the issue here. After review of petitioner's arguments on appeal, we

conclude that he has satisfied the § 2253(c)(2) standards, and grant petitioner a certificate of appealability. Accordingly, we do not reach petitioner's retroactivity argument on this issue.

On appeal, as before the district court, petitioner contends that his conviction for carrying a firearm, a violation of 18 U.S.C. § 924(c), should be vacated in light of the Supreme Court's opinion in Bailey v. United States, 516 U.S. 137 (1995).[1] On review of the denial of petitioner's § 2255 motion, we review the district court's legal rulings de novo and its factual findings for clear error. See United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996).

In Bailey, the Supreme Court distinguished the "use" prong of § 924(c)(1) from the "carry" prong. The Court held that the two prongs are separate, and that a conviction for "use" under the statute requires "active employment" of a firearm. 516 U.S. at 149. This decision effectively overruled prior precedent from this circuit holding that "use" under the statute could be established by showing simple access to a firearm. See United States v. Killingsworth, 117 F.3d 1159, 1161 (10th Cir.), cert. denied, 118 S. Ct. 393 (1997). Here, petitioner asserts, and the government conceded before the district court, that the jury was

---

[1] Bailey was decided after petitioner's convictions were affirmed on direct appeal to this court. It is settled law that Bailey applies retroactively to cases on collateral review. See United States v. Barnhardt, 93 F.3d 706, 709 (10th Cir. 1996).

improperly instructed on the "use" prong of § 924(c)(1) in light of Bailey.

Rec. Vol. I, District Court's Order dated July 23, 1997, at 1.

The district court instructed the jury that in order to convict petitioner of violating 18 U.S.C. § 924(c)(1), it must find petitioner knowingly carried or used a firearm during and in relation to the charged drug trafficking offense. The court did not specifically define the "carry" prong, which, petitioner argues, focused the jury on the "use" prong alone. We disagree. Generally, "a court is not required to define words and phrases which are familiar to one of ordinary intelligence." Atchison, Topeka & Santa Fe Ry. Co. v. Preston, 257 F.2d 933, 937 (10th Cir. 1958); see also United States v. Rhodenizer, 106 F.3d 222, 225 (8th Cir. 1997) (district court does not err by refraining from providing an instruction of the meaning of "carry" under 18 U.S.C. § 924(c)(1)).

Petitioner further argues that the erroneous jury instructions on the "use" prong and the lack of definition on the "carry" prong requires that we vacate his conviction on that count, relying on United States v. Miller, 84 F.3d 1244, 1257 (10th Cir. 1996) (reversing § 924(c) conviction where it was possible that the jury based conviction solely on "use" prong on which it was improperly instructed). However, Miller has been overruled to the extent that its holding conflicts with this court's opinion in United States v. Holland, 116 F.3d 1353, 1359 n.4 (10th Cir.), cert. denied, 118 S. Ct. 253 (1997). Under Holland, we need not vacate

petitioner's conviction under § 924(c)(1) if we determine that the jury's verdict "necessarily embraced all the elements of a 'carrying' violation."     Id.  "The essential inquiry is whether the jury's verdict, under the instructions given and the nature of the evidence, required the jury to find all the elements of a 'carrying' violation . . . ."   Id.

In this case, the parties stipulated to certain facts before the district court, including that "[a] .380 caliber handgun was found in [petitioner's] pocket" upon his arrest.  Petitioner's Br., Appendix IV, at 5.  Indeed, petitioner concedes on appeal that he "had a firearm in his pocket" during the drug transaction, and that he "carried" the weapon "in the ordinary usage of the phrase."  Petitioner's Br. at 15, 16.  Our review of the record indicates that there was no other evidence upon which the jury could have relied in convicting petitioner under § 924(c)(1).  Accordingly, the fact that petitioner had a handgun on his person during the drug transaction was necessarily encompassed in the jury's verdict, and is sufficient to satisfy the "carry" prong of § 924(c)(1).

The judgment of the United States District Court for the District of Utah is AFFIRMED.  The parties' stipulated motion to include the Stipulation Re: Relevant Facts in the record on appeal is GRANTED.

Entered for the Court

David M. Ebel
Circuit Judge