F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDGAR ARTEMIO SANCHEZ,

Defendant-Appellant.

No. 97-3145
(Dist. of Kansas)
(D.C. No. 96-3055-SAC)

**ORDER AND JUDGMENT***

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Edgar A. Sanchez appeals the district court's denial of his 28 U.S.C. § 2255 petition. This court exercises jurisdiction pursuant to 28 U.S.C. §§ 2253 and 2255 and **affirms**.[1]

Sanchez was arrested by the Kansas Highway patrol on May 5, 1994; approximately 106 kilograms of cocaine hydrochloride were found in his possession. A federal grand jury returned a one-count indictment against Sanchez, charging him with possession with intent to distribute approximately 100 kilograms of cocaine.

On October 21, 1994, Sanchez pled guilty to the indictment pursuant to a plea agreement. In return for Sanchez's plea, the United States agreed that it would not oppose a three-level reduction in Sanchez's base offense level for acceptance of responsibility, take no position on an obstruction of justice enhancement, and not oppose a three-level reduction in Sanchez's base offense

---

[1]Because Sanchez filed his § 2255 petition prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, the AEDPA and its certificate of appealability requirements do not apply to this appeal. *See United States v. Kunzman*, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997). Because petiners like Sanchez were not obligated to obtain a certificate of probable cause to appeal the denial of a § 2255 motion under pre-AEDPA law, this court proceeds to the merits of Sanchez's appeal. *See United States v. Riddick*, 104 F.3d 1239, 1240 (10th Cir. 1997) (noting that under the pre-AEDPA versions of 28 U.S.C. §§ 2253, 2255, "a § 2255 movant was not required to obtain a certificate of appealability to appeal an adverse decision by the district court"), *overruled in part on other grounds*, *Kunzman*, 125 F.3d at 1364 n.2.

level for his minor role in the conspiracy. The United States further agreed to consider filing a motion for a downward departure based on any substantial assistance provided by Sanchez.

Sanchez met with representatives of the Drug Enforcement Administration and the Kansas Bureau of Investigation on December 13, 1994. The meeting was also attended by a representative of the Public Defender's Office. During the meeting Sanchez refused to provide specific information concerning the individuals who recruited him and provided the cocaine. He also refused to provide specific information concerning how, where, and when the cocaine was to be delivered and with whom contact would be made upon delivery. The interview concluded without Sanchez providing any useful information.

Sanchez was sentenced on March 16, 1995. His base offense level of 36 was reduced by three points for his minor role in the offense and three points for acceptance of responsibility. The sentencing range for this base offense level of 30 was 97 to 121 months. The district court sentenced Sanchez to the mandatory minimum of 120 months as required by 21 U.S.C. § 841(b)(1)(A)

On January 29, 1996, Sanchez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In the motion, Sanchez argued that his counsel was constitutionally ineffective because he failed to argue that Sanchez was entitled to a sentence reduction pursuant to the "safety valve" provisions of

18 U.S.C. § 3553(f). He further argued that he was entitled to a two level reduction in his base offense level pursuant to U.S.S.G. § 2D1.1(b)(4). Based on Sanchez's motion and an affidavit filed by Sanchez in support of his claims, the district court appointed James Chappas to represent Sanchez and held an evidentiary hearing.

Shortly after the hearing had concluded, the district court issued a Memorandum and Order denying Sanchez's § 2255 motion. The district court concluded that Sanchez's trial counsel was not ineffective because Sanchez was not entitled to a sentence reduction under the safety valve provisions of § 3553(f). The district court found that because Sanchez failed to inform the United States all that he knew about the offense of conviction and the relevant conduct, including the identities and participation of others, he failed to qualify for "safety valve" relief. *See* 18 U.S.C. § 3553(f)(5); *United States v. Acosta-Olivas*, 71 F.3d 375, 377-78 (10th Cir. 1995). Accordingly, Sanchez's counsel was not ineffective for failing to request relief under § 3553(f).

As to Sanchez's claim that he was entitled to a two-level reduction in his base offense level pursuant to U.S.S.G. § 2D1.1(b)(4), the district court noted that Sanchez was sentenced well before the effective date of that provision and the provision was not listed by the United States Sentencing Commission as one that applied retroactively. *See* U.S.S.G. § 1B1.10(a), (c). Accordingly, the district

court concluded that Sanchez could not benefit from U.S.S.G. § 2D1.1(b)(4) unless Sanchez's original sentence was set aside and Sanchez was resentenced. Because the district court had already concluded that Sanchez's counsel was not ineffective and Sanchez's original sentence would stand, Sanchez could not benefit from § 2D1.1(b)(4).

When Sanchez insisted on appealing the district court's denial of his § 2255 motion, Sanchez's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel indicated that he was "obliged to characterize this appeal as frivolous. Under the facts, circumstances and applicable law, all as aforementioned and found by the district court, counsel for the appellant is with no conceivable, good faith, argument to indicate that the district court incorrectly applied the law to the facts in this case." Appellant's Brief at 5.

This court has reviewed *de novo* the *Anders* brief filed by Sanchez's counsel, the United States' response thereto, the district court's Memorandum and Order, and the entire record on appeal. Based on that review, we affirm for substantially the reasons set forth in the district court's thorough Memorandum and Order.

The judgment of the United States District Court for the District of Kansas is hereby **AFFIRMED**.  Counsel's motion to withdraw pursuant to *Anders* is **GRANTED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge