**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

BENITO JEROME BOWIE,

     Petitioner-Appellant,

v.

GARY GIBSON; DREW EDMONDSON,
Attorney General of the State of Oklahoma,

     Respondents-Appellees.

No. 99-6176
(W.D. Okla.)
(D.Ct. No. CIV-98-1447-R)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Benito Jerome Bowie, an Oklahoma state inmate appearing *pro se*, appeals the district court's decision dismissing, as untimely, his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We deny Mr. Bowie's request for a certificate of appealability and dismiss his appeal.[1]

On January 30, 1987, a jury convicted Mr. Bowie of first degree murder and the trial court sentenced him to life in prison. The Oklahoma Court of Criminal Appeals affirmed Mr. Bowie's conviction July 15, 1991. On October 21, 1991, the state court formally denied Mr. Bowie's petition for rehearing. Mr. Bowie did not seek state post-conviction relief until April 1, 1998. The state court denied his post-conviction application June 19, 1998, and the Oklahoma Court of Criminal Appeals affirmed September 22, 1998.

Mr. Bowie filed his federal habeas petition October 16, 1998, claiming multiple errors by the state trial court. The federal district court assigned the matter to a magistrate judge who recommended dismissing the petition as time-

---

[1] The district court made no ruling on Mr. Bowie's request for a certificate of appealability. Under our Emergency General Order of October 1, 1996, we deem the district court's failure to issue a certificate of appealability within thirty days after filing of the notice of appeal as a denial of a certificate. *See United States v. Riddick*, 104 F.3d 1239, 1241 n.2 (10th Cir. 1997), *overruled on other grounds by United States v. Kunzman*, 125 F.3d 1363,1364 n.2 (10th Cir. 1997), *cert. denied*, 118 S. Ct. 1375 (1998).

barred. Specifically, the magistrate judge determined that because Mr. Bowie's conviction became final before the effective date of the Antiterrorism and Effective Death Penalty Act, the limitation period for filing Mr. Bowie's federal habeas petition did not begin to run until April 24, 1996, and tolled one year later, on April 23, 1997. The magistrate judge then determined the tolling provisions of 28 U.S.C. § 2244(d)(2) did not apply because Mr. Bowie filed his state post-conviction application after the limitation period ended. Because Mr. Bowie did not file his federal habeas petition until October 16, 1998 -- one and one-half years after the limitation period -- the magistrate judge recommended the petition be dismissed as untimely.

The magistrate judge also carefully considered Mr. Bowie's arguments for equitably tolling the limitation period. In so doing, the magistrate judge rejected Mr. Bowie's contention that his two-year incarceration at the Oklahoma County Detention Center, which contains no law library, somehow prevented him from timely filing his petition. The magistrate judge determined that Mr. Bowie: (1) failed to show he diligently pursued his federal claims while incarcerated for four years at another facility; and (2) failed to show how the lack of a law library affected his ability to timely file his petition, as required under *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 119 S. Ct. 210 (1998). The magistrate

judge also rejected Mr. Bowie's contention that both counsel retained by him failed to timely file his petition. The magistrate judge first noted the evidence presented did not establish actual retention of one attorney and then concluded that even if Mr. Bowie retained both counsel and they failed to file his petition, Mr. Bowie nevertheless had one year after he allegedly dismissed his last attorney to timely file his petition. In any event, Mr. Bowie could not "sit idly by ... knowing that no attorney was pursuing his case and still claim that he has diligently pursued his claims." Finally, the magistrate judge determined Mr. Bowie's claim of actual innocence lacked merit because the affidavits on which he based his claim, and which allege that four prosecution witnesses offered false testimony against him, lacked credibility, and even if true, were insufficient "to show by a preponderance of the evidence that no reasonable juror would have found him guilty of the crime charged."

In a thorough fifteen-page order, the district court adopted the magistrate judge's recommendation and dismissed Mr. Bowie's habeas petition as untimely. After examining the pleadings and affidavits filed by Mr. Bowie, the magistrate's recommendation, and the credibility and other findings of the state court, the district court concluded that no circumstances warranted equitable tolling of the limitation period. Specifically, with respect to Mr. Bowie's claim of innocence,

the district court determined no evidentiary hearing was necessary because the state court performed a full and fair hearing on the credibility of the affidavits in its post-conviction proceeding. In addition, the district court concluded the affidavits on which Mr. Bowie relied lacked credibility because they: (1) recanted previous trial testimony given under oath and subject to cross-examination; (2) contained hearsay statements of individuals who did not testify under oath as to the falsity of their prior testimony; (3) were deemed incredible by the trial court which reviewed not only the affidavits, but transcripts of the sworn testimony given before it in the state proceeding; and (4) were insufficient to show by a preponderance of the evidence that no reasonable juror would have found him guilty of the crime charged, especially in light of another inculpatory witness who did not recant his trial testimony.

On appeal, Mr. Bowie renews his request to equitably toll the limitation period because: (1) the Oklahoma county jail lacked a law library, thereby preventing him access to legal materials and the courts; and (2) both of his counsel failed to file his petition. While Mr. Bowie does not expressly renew his claim of actual innocence, he nevertheless attaches the affidavits supporting that claim. Finally, Mr. Bowie raises the same issues presented in his petition

concerning the merits of his case and alleging errors by the state court during his trial.

We review the district court's factual findings for clear error and its legal bases for dismissal of Mr. Bowie's § 2254 petition *de novo*. *See Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999). In applying these standards, we construe Mr. Bowie's *pro se* pleadings liberally, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

We begin by noting the magistrate judge correctly determined the limitation period for filing Mr. Bowie's federal habeas petition did not begin to run until April 24, 1996, and tolled one year later, on April 23, 1997. *See* 28 U.S.C. § 2244(d)(1); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998). We further agree the tolling provisions of 28 U.S.C. § 2244(d)(2) clearly do not apply because Mr. Bowie filed his state post-conviction application after this limitation period ended. *See* 28 U.S.C. § 2244(d)(2). (*In accord with Allen v. Oklahoma*, No. 99-6033, 1999 WL 492804, at *1 (10th Cir. July 13, 1999) (unpublished opinion); *Hansell v. LeMaster*, No. 98-2207, 1999 WL 258335, at *2 (10th Cir. April 30, 1999) (unpublished opinion).) Because Mr. Bowie did not file his

federal habeas petition until one and one-half years after the limitation period, the district court properly dismissed the petition as untimely.

As to Mr. Bowie's request for equitable tolling of the statutory limitation period, we agree, for substantially the same reasons set forth in the district court's Order of April 13, 1999, and the magistrate judge's Report and Recommendation of January 20, 1999, that tolling is inappropriate under the circumstances of this case. Finding his petition untimely, we decline to address the merits of the remaining issues raised in Mr. Bowie's petition and on appeal.

Thus, under the circumstances presented and after a careful review of the record, we determine Mr. Bowie fails to make a substantial showing of the denial of a constitutional right necessary for issuing a certificate of appealability. 28 U.S.C. § 2253(c)(2). Accordingly, we deny Mr. Bowie's request for a certificate of appealability and **DISMISS** the appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge