36 F.3d 1106
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph D. RIDDICK, Defendant-Appellant.
 No. 94-3047.
 United States Court of Appeals, Tenth Circuit.
 Sept. 15, 1994.
 
 Before TACHA, LOGAN and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 On December 2, 1993, a jury convicted Appellant-Defendant Joseph D. Riddick ("Riddick") of distributing cocaine base in violation of 21 U.S.C. 841(a)(1). Riddick moved for judgment of acquittal based on insufficiency of the evidence pursuant to Fed.R.Crim.P. 29(a). The district court denied Riddick's motion and he brought this appeal. We have jurisdiction under 28 U.S.C. 1291 and, finding that the evidence at trial was sufficient to support the jury's verdict, we AFFIRM.
 
 
 2
 The government initiated Riddick's prosecution after receiving information from FBI agents and an FBI informant, James Davis. The FBI recruited Davis to help them make controlled drug purchases from suspected drug traffickers, after Davis had himself been caught selling drugs. In this case, the FBI provided Davis with a body recorder and money to conduct a drug purchase from Riddick under FBI surveillance. Based on the results of that controlled transaction, the government prosecuted Riddick for unlawful distribution under 1841(a)(1), and obtained the conviction that Riddick now challenges for insufficient evidence.
 
 
 3
 We review sufficiency of the evidence de novo. United States v. Markum, 4 F.3d 891, 893 (10th Cir.1993). When considering a sufficiency of the evidence challenge, "we review the entire record in the light most favorable to the government to determine whether the evidence is such that a reasonable jury could find the Defendant guilty beyond a reasonable doubt." United States v. Davis, 1 F.3d 1014, 1017 (10th Cir.1993).
 
 
 4
 In order to prove a 841(a)(1) distribution offense, the government had to prove beyond a reasonable doubt that: (1) "the defendant knowingly and intentionally distributed a measurable amount of cocaine base," and (2) "at the time of such distribution, the defendant knew that the substance distributed was cocaine base, a controlled substance." United States v. Ashley, 26 F.3d 1008, 1010 (10th Cir.1994) (quoting jury instructions).
 
 
 5
 To prove the intentional distribution element, the government offered the testimony of informant Davis, who testified that under the FBI's direction he had purchased cocaine base from Riddick. R.O.A. Vol. VI at 225, 233-52. Davis testified that he had two telephone conversations with Riddick to arrange the purchase, that he met Riddick at a restaurant where Riddick then directed him to drive to a residential home, and that there Riddick sold him a quantity of cocaine base for $2400. Id. at 234-45, 241, 246-49, 251-52. A forensic chemist confirmed that the substance purchased was indeed cocaine base. Id. at 190-91, 259-64.
 
 
 6
 Riddick nonetheless argues that Davis' story was substantially contradicted by Riddick's own testimony, and was simply too unreliable to support a guilty verdict. See id. at 269-71. Questions of witness credibility, however, are appropriately left to the jury, and we will not second-guess their assessments here. Davis, 1 F.3d at 1017; United States v. Horn, 946 F.2d 738, 741 (10th Cir.1991). Riddick cross-examined Davis; the court instructed the jury about the potential biases of an informant, R.O.A. Vol. VIII at 341; and the jury was then entitled to resolve the credibility dispute in the government's favor.
 
 
 7
 Moreover, two FBI agents corroborated Davis' version of the FBI's role. R.O.A. Vol. VI at 165-87, 217-19. The government also offered tapes and transcripts of the drug purchase and of Davis' two telephone conversations with Riddick. Id. at 235-39, 242-44, 253-55. The individual on one tape identified himself as "Joey," Riddick's first name, and Davis identified all the taped voices as Riddick's and his own. Id. at 201, 237, 239, 243, 254-55. The jury also had an opportunity to compare the taped voices with Davis' and Riddick's voices when they testified in court. In addition to these tapes, the government offered evidence that the house where the transaction occurred was Riddick's former residence. Id. at 191-92. Considering this combination of direct and circumstantial evidence in the light most favorable to the government, Davis, 1 F.3d at 1017, we believe that a reasonable jury had sufficient evidence to find that Riddick knowingly and intentionally distributed a measurable amount of cocaine base.
 
 
 8
 To prove the second element, that Riddick knew the distribution involved a controlled substance, the government relied on clear inferences from the tapes and from Davis' testimony. In one taped conversation, Riddick told Davis that the substance he was selling was "hard," indicating Riddick's understanding that he was selling cocaine base rather than powder cocaine. R.O.A. Vol. VI at 245. Davis also explained that Riddick changed the location of the drug transaction from the restaurant to Riddick's more secluded residence because Riddick voiced concerns about police officers in the restaurant's vicinity. Id. at 249. When Davis and Riddick arrived at Riddick's home, Riddick instructed Davis to re-park his car to face the correct direction on the street, "so the policeman would have no reason to keep on going past." Id. at 250 (quoting Davis' testimony). From this description of Riddick's behavior, a jury could rationally have inferred not only that Riddick knew he was distributing crack cocaine, but that he knew it was a controlled substance which he could not sell openly. Because we must accept all reasonable inferences that can be drawn from the evidence, Davis, 1 F.3d at 1017, we conclude the evidence was sufficient to support a jury finding on the second element of the offense.
 
 
 9
 Thus, viewing the record in the light most favorable to the government, and giving due deference to the jury's assessment of the evidence and witness credibility, we cannot say that a reasonable jury could not have found Riddick guilty of distributing cocaine base beyond a reasonable doubt.
 
 
 10
 Accordingly, we AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November29, 1993. 151 F.R.D. 470