PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 1/21/97**

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 96-3165

JOSEPH D. RIDDICK,

Defendant-Appellant.

Appeal from United States District Court
for the District of Kansas
(D.C. No. 96-3045-JWL)

Joseph D. Riddick, pro se.

Jackie N. Williams, United States Attorney, and Robin D. Fowler, Assistant United States Attorney, State of Kansas, for the appellee.

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.[*]

BRISCOE, Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Joseph D. Riddick appeals the order of the district court denying his motion to vacate and set aside his sentence under 28 U.S.C. § 2255. Riddick contends he received ineffective assistance of counsel at trial.[1] We dismiss the appeal for lack of a substantial showing of the denial of a constitutional right required by 28 U.S.C. § 2253(c)(2), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996) (AEDPA).

Riddick was tried and convicted of distributing cocaine base and was sentenced to 135 months' imprisonment. The conviction was affirmed on direct appeal (United States v. Riddick, 1994 WL 504174 (10th Cir. Oct. 11, 1994)), and Riddick filed a motion to vacate and set aside his sentence under § 2255. The district court denied his motion on April 19, 1996, and Riddick filed his notice of appeal on May 3, 1996.

The President signed the AEDPA into law on April 24, 1996. Prior to that date, a § 2255 movant was not required to obtain a certificate of appealability to appeal an adverse decision by the district court. However, 28 U.S.C. § 2253(c)(2) now requires a §2255 movant to obtain a certificate of appealability by making a "substantial showing of the denial of a constitutional right." The certificate of appealability provision does not apply to § 2255 cases when the notice of appeal was filed before the effective date of the AEDPA. United States v. Lopez, 100 F.3d 113 (10th Cir. 1996). However, we conclude

---

[1] Although the procedural bar rule of United States v. Frady, 456 U.S. 152, 167-68 (1982), applies to § 2255 proceedings, see United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) ("A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."), it does not apply to ineffective assistance of counsel claims. United States v. Galloway, 56 F.3d 1239, 1241 (10th Cir. 1995).

this provision applies when a § 2255 movant files a notice of appeal after the effective date of the AEDPA.

The rules for determining whether a newly-enacted statute applies to pending cases are set forth in Landgraf v. USI Film Products, 511 U.S. 244, 114 S. Ct. 1483 (1994). Under Landgraf, if Congress has expressly prescribed the statute's reach, courts simply follow the intent of Congress. If Congress has not made its intent known, the statute applies to pending cases unless doing so would give the statute "retroactive effect." A new statute has retroactive effect if application to a pending case would impair rights possessed when a party acted, would increase a party's liability for past conduct, or would impose new duties with respect to completed transactions. Id. at 1505. The essence of the test for retroactivity is whether the new statute attaches new legal consequences to events completed before its enactment. Lopez, 100 F. 3d at 116. See Landgraf, 114 S. Ct. at 1499.

The AEDPA does not clearly prescribe the reach of amendments to §§ 2253 and 2255. See Hunter v. United States, 1996 WL 706706 (11th Cir. 1996) (en banc). Applying the new certificate of appealability provisions to pending § 2255 cases in which the notice of appeal was filed after the effective date of the AEDPA does not increase Riddick's liability for past conduct or impose new duties with respect to completed transactions. See id. at *6. Nor does it impair rights Riddick possessed when he acted or attach new legal consequences to events completed before enactment of the AEDPA.

The amendment at issue here changed a procedural rule. The reliance interests of a litigant in procedural matters are diminished because procedural rules regulate secondary rather than primary conduct. Consequently, changes in procedural rules may

often be applied in pending cases without raising retroactivity concerns. Landgraf, 114 S. Ct. at 1502. That is the case here. The right to appeal without obtaining a certificate of appealability was a mere expectation interest under a rule of procedure. Riddick cannot argue he relied upon the absence of a certificate of appealability provision when he committed the underlying crime. Nor could he argue that he relied upon the absence of that provision during his trial or direct appeal. See Hunter at **6-7. We agree with the court in Hunter that the certificate of appealability provision applies to pending § 2255 cases in which the notice of appeal is filed after the effective date of the AEDPA.

We construe Riddick's appeal as a request for a certificate of appealability. See Hogan v. Zavaras, 93 F.3d 711 (10th Cir. 1996); Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996). [2] However, we conclude Riddick has failed to make a substantial showing of the denial of a constitutional right required by § 2253(c)(2), as amended by the AEDPA.

Riddick argues his counsel failed to seek criminal background information that could have been used to impeach the informant who was the principal witness against him. He also argues counsel failed to call a witness who would have impeached the informant. He contends these omissions by counsel constitute ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984). However, in affirming his conviction on direct appeal, this court noted the informant's testimony was supported by

---

[2] This court's Emergency General Order of October 1, 1996, requires district courts to consider the propriety of issuing certificates of appealability in the first instance, but provides that failure of the district court to issue a certificate of appealability within thirty days of filing the notice of appeal shall be deemed denial of a certificate. Here, assuming the order of October 1, 1996, applies to appeals pending on that date, the district court is deemed to have denied the certificate because it did not issue a certificate within thirty days of the notice of appeal. Accordingly, we may properly construe the appeal as a request to this court for a certificate of appealability.

the testimony of two FBI agents and by tapes and transcripts of the drug purchase and the informant's telephone conversations with Riddick. Given the strength of the evidence against Riddick, his arguments do not make a substantial showing that counsel's alleged errors were objectively unreasonable or that they were prejudicial.

The appeal is DISMISSED.