**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 29 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RONNIE DARNELL JOHNSON,

      Defendant-Appellant.

Case No. 96-6273

(D.C. CR-93-239-R/CIV-96-1007)
(Western District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

---

      After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

      [*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pro se defendant-appellant Ronnie Darnell Johnson appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2255 on the ground that he received ineffective assistance of counsel.[1] Also before this court is Mr. Johnson's application for a certificate of appealability. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and dismiss the appeal.

In January 1994, Mr. Johnson pleaded guilty to two counts of traveling in interstate commerce with intent to conduct illegal activity in violation of 18 U.S.C. § 1952(a)(3) on charges arising from the seizure of 495 grams of cocaine and a handgun found in a car in which he was a passenger. However, two days after his plea hearing and prior to sentencing, Mr. Johnson filed a motion to withdraw his plea under Fed. R. Crim. P. 32(d). The district court denied his motion. Mr. Johnson was then sentenced to 108 months imprisonment--60 months on count one and 48 months on count two. On direct appeal, Mr. Johnson challenged the district court's denial of his motion to withdraw his guilty plea, arguing that his original plea was not voluntary. After holding that the trial record

---

[1] On appeal of the denial of his § 2255 petition, Mr. Johnson raises for the first time the additional issues of whether his constitutional rights were violated by "racial remarks, threats, slurs and innuendos" and whether the "two point [sentencing] enhancement should be dismissed." Aplt's Br. at 5, 12. Because this court generally will not consider an issue on appeal which the district court has not had the opportunity to consider, we decline to address these two issues raised for the first time on this appeal. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 720-721 (10th Cir. 1993) (federal appellate courts generally do not consider issues not passed upon by the trial courts) (citing Singleton v. Wulff, 428 U.S. 106, 120 (1976)).

2

demonstrated that Mr. Johnson understood the maximum ten year sentence he faced and thus knowingly and voluntarily entered his guilty plea, this court affirmed.

Mr. Johnson then filed the present § 2255 petition seeking federal habeas corpus relief. Mr. Johnson alleged that his counsel was ineffective because (1) he did not adequately explain to Mr. Johnson the nature of the charges against him, the substance of the plea agreement, or the consequences of pleading guilty; (2) he coerced Mr. Johnson to enter a guilty plea; and (3) he failed to raise any issues or offer objections to the presentence report. In a thorough and well-reasoned order, the district court found no merit in Mr. Johnson's arguments and denied his petition. The district court subsequently denied Mr. Johnson's application for a certificate of appealability to pursue this appeal.

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), requires a § 2255 petitioner to obtain a certificate of appealability prior to appealing a final order of the district court. 28 U.S.C. § 2253(c)(1)(B). This court has previously held that "the certificate of appealability provision applies to pending § 2255 cases in which the notice of appeal is filed after the effective date of the AEDPA"--as is the case here where Mr. Johnson filed his notice of appeal on August 5, 1996. United States v. Riddick, 104 F.3d 1239, 1241 (10th Cir. 1997). A habeas petitioner is entitled to a certificate of appealability only if the petitioner has made the "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2). We have held that the standard for granting a certificate of appealability

under the AEDPA is the same as the standard set out by the Supreme Court in <u>Barefoot v. Estelle</u>, 463 U.S. 880 (1983). <u>See</u> <u>Lennox v. Evans</u>, 87 F.3d 431, 434 (10th Cir. 1996), <u>cert. denied</u>, 117 S. Ct. 746 (1997). Under the <u>Barefoot</u> standard, a certificate will issue only where the petitioner has demonstrated that the issues raised are debatable among jurists of reason, a court could resolve the issues differently, or the questions presented are deserving of further proceedings. <u>See</u> 463 U.S. at 893 n.4. We hold that Mr. Johnson has failed to satisfy this burden.

In order to prove that counsel was constitutionally ineffective, a petitioner must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1994). Under the first prong of <u>Strickland</u>, Mr. Johnson must show that "counsel's representation fell below an objective standard of reasonableness." <u>Id</u>. at 688. Under the second prong of <u>Strickland</u>, to demonstrate prejudice in the context of a plea agreement, Mr. Johnson must establish a reasonable probability that but for incompetent counsel he would have rejected the plea offer and pled not guilty, <u>see</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985), and, in the context of failing to object to a presentence report, Mr. Johnson must establish either that counsel's performance rendered the proceedings "'fundamentally unfair or unreliable'" or that the deficient performance resulted in a "significantly greater sentence," <u>United States v. Kissick</u>, 69 F.3d 1048, 1055-56 (10th Cir. 1995) (quoting <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369 (1993)).

4

During his direct appeal, Mr. Johnson argued that he should have been allowed to withdraw his guilty plea because it had not been entered voluntarily due to the district court's failure to accurately advise him of the maximum penalty he could receive under the agreement. See United States v. Johnson, No. 94-6123, 1994 WL 699171, at *5 (10th Cir. Dec. 14, 1994). This court held that the government correctly informed Mr. Johnson during the plea hearing that he faced a maximum of five years imprisonment on each of the two counts and that Mr. Johnson informed the district court that he understood the maximum penalties under the plea agreement--an understanding which Mr. Johnson later confirmed at the hearing to withdraw his plea. See id. Consequently, even assuming that Mr. Johnson's counsel's performance fell below professional standards, Mr. Johnson has failed to establish how his counsel's alleged failure to inform of the nature and consequence of the charges or plea agreement or his counsel's alleged coercion in entering his plea was so prejudicial that but for his counsel's actions, he would have rejected the plea offer and pled not guilty. See Hill, 474 U.S. at 59.

With regard to Mr. Johnson's ineffective assistance of counsel claim based upon his counsel's alleged failure to raise any objection to the presentence report, the record in this case clearly demonstrates that Mr. Johnson's counsel made several objections to the presentence report including a written objection to the absence of a two-level reduction of the offense level for acceptance of responsibility, see Rec. vol. I, doc. 61 (Objection to Pre-Sentence Investigation Report dated Mar. 25, 1994), and oral objections to the

quantity of drugs and Mr. Johnson's role in the offense, see Rec. vol. IV, at 3-8

(Transcript of Sentencing dated Mar. 28, 1994). On the basis of this evidence, there is no

support for Mr. Johnson's allegation that his counsel did not make any objection to the

presentence report. Furthermore, Mr. Johnson does not identify any specific objections

that should have been raised in order to establish either that his counsel's performance

was deficient or that, if counsel's performance was deficient, such failure rendered the

proceedings "'fundamentally unfair or unreliable'" or that the deficient performance

resulted in a "significantly greater sentence." Kissick, 69 F.3d at 1055-56 (quoting

Lockhart, 506 U.S. at 569))

For the foregoing reasons, we hold that Mr. Johnson has failed to make the

"substantial showing of the denial of a constitutional right," 28 U.S.C. § 2553(c)(2), and,

accordingly, we deny him a certificate of appealability and dismiss the appeal. The

mandate shall issue forthwith.


Entered for the Court,


Robert H. Henry
Circuit Judge


6