**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 12 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

——————————————

FARAMARZ MEHDIPOUR,

     Petitioner-Appellant,

v.

TWYLA SNIDER; ATTORNEY GENERAL
OF THE STATE OF OKLAHOMA,

     Respondents-Appellees.

No. 98-6483
(W.D. Okla.)
(D.Ct. No. 98-CV-884-C)

——————————————————

**ORDER AND JUDGMENT**[*]

——————————————

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

——————————————

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

———————————————

[*]  This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Faramarz Mehdipour appeals the district court's decision dismissing his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We deny a certificate of appealability[1] and dismiss the appeal.

In November 1996, a jury convicted Mr. Mehdipour of intimidating a state witness after conviction of two or more felonies, after which the state trial court sentenced him to sixty years' imprisonment. Mr. Mehdipour alleged several errors including a claim that the state convicted him of a non-existent crime. In April 1998, the Oklahoma Court of Criminal Appeals dismissed Mr. Mehdipour's claims and affirmed his conviction. Mr. Mehdipour did not file a state habeas petition for post-conviction relief.

In his federal habeas corpus petition, Mr. Mehdipour claims (1) he was

---

[1] Mr. Mehdipour did not file an application for a certificate of appealability in the district court, nor did the district court issue a certificate of appealability. Under our Emergency General Order of October 1, 1996, we view the district court's failure to issue a certificate of appealability within thirty days after filing of the notice of appeal as a denial of a certificate. *See United States. v. Riddick*, 104 F.3d 1239, 1241 n.2 (10th Cir. 1997), *overruled on other grounds, United States v. Kunzman*, 125 F.3d 1363 (10th Cir. 1997). On appeal, Mr. Mehdipour similarly did not file an application for a certificate of appealability and his brief does not discuss the issue. Federal Rule of Appellate Procedure 22(b) states "[i]f no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Thus, we may construe Mr. Santurio's notice of appeal as a request for a certificate of appealability. *See Hoxsie v. Kerby*, 108 F.3d 1239, 1241 (10th Cir.), *cert. denied*, 118 S. Ct. 126 (1997).

convicted of a hypothetical crime in violation of his due process rights; (2) the statue under which he was convicted is unconstitutionally vague; and (3) the trial court did not have jurisdiction to try him because he was not given a preliminary hearing on the "attempt" charge.

The district court assigned the matter to a magistrate judge who recommended dismissing the petition without prejudice. The magistrate judge found Mr. Mehdipour's failed to exhaust two of the three issues, raised in his federal petition, at the state level. The magistrate judge further determined that no exception to the exhaustion requirement applied so that, under the principles of comity and federalism, the petition should be dismissed without prejudice. The district court dismissed the habeas petition without prejudice agreeing with the magistrate judge that the habeas petition constituted a "mixed petition" of exhausted and unexhausted claims, and that Mr. Mehdipour failed to satisfy his burden of showing he exhausted all of his claims through available state remedies. In addition, the district court issued an order denying Mr. Mehdipour's claim that the district court denied him access to the courts because it did not reach the merits of his motion for summary judgment prior to dismissal of his federal petition.

On appeal, Mr. Mehdipour raises five issues of error including whether (1) the district court "should have considered Appellant's unexhausted claims or allowed Appellant to amend his Petition"; (2) he "was entitle[d] to relief under summary judgment procedures"; (3) sufficient facts were presented to afford the district court adequate basis for review; (4) his exhausted claims "warranted relief such as to avoid dismissal of a mixed Petition"; and (5) he was entitled to an evidentiary hearing to establish an adequate record for review.

We review the legal basis for the district court's dismissal of Mr. Mehdipour's § 2254 petition *de novo*. *See Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir.), *cert. denied*, 119 S. Ct. 378 (1998). We cannot grant Mr. Mehipour federal habeas corpus relief "unless it appears that ... [he] has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Thus, under 28 U.S.C. § 2254(b)(1)(B), Mr. Mehdipour bears the burden of showing the Oklahoma Court of Criminal Appeals had an opportunity to rule on the same claims presented in federal court or that, at the time he filed his federal petition, no available state avenue of redress existed.

*Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir.), *cert. denied*, 506 U.S. 924 (1992).

Our review of the record shows Mr. Mehdipour did not raise, in his direct appeal to the Oklahoma Court of Criminal Appeals, two of the three issues raised in his federal petition. While Mr. Mehdipour presents sundry alleged errors on appeal and recites a plethora of legal principles, he wholly fails to make the requisite showing of exhaustion necessary to prevent dismissal. In sum, Mr. Mehdipour fails to show he exhausted his state remedies or that state remedies would be futile or are no longer available through state post-conviction attack. Under these circumstances, Mr. Mehdipour fails to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(b)(2).

Accordingly, we deny Mr. Mehdipour a certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge