**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOSE LINCOLN BLEA,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 99-2142

D. New Mexico

(D.C. No. CIV-98-1239-LH/DJS)

---

ORDER AND JUDGMENT[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Jose Lincoln Blea, appearing pro se, seeks a certificate of appealability to appeal the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

aside or correct his fifteen year sentence for being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g), as enhanced by the armed career criminal statute, 18 U.S.C. § 924(e). We deny a certificate of appealability and dismiss the appeal.

Mr. Blea was indicted on March 7, 1991, on one count of possession with intent to distribute cocaine and six firearms counts, including being a felon-in-possession of a firearm. Because Mr. Blea had been convicted in New Mexico state court in 1975 of five counts of heroin trafficking and received concurrent sentences of ten to fifty years for each one, the government gave notice that it would seek an enhanced sentence for Mr. Blea as an armed career criminal under 18 U.S.C. § 924(e). Mr. Blea pled guilty to the felon-in-possession count in exchange for the dismissal of the other six counts. In the Memorandum of Understanding supporting his guilty plea, Mr. Blea and his attorney stipulated that the five prior heroin trafficking convictions made him eligible for an enhanced sentence under § 924(e).

On August 31, 1991, Mr. Blea was sentenced to fifteen years imprisonment followed by two years of supervised release.[1] Mr. Blea did not appeal the conviction or sentence. He first challenged his sentence when he filed his pro se

---

[1]Fifteen years is the mandatory minimum enhanced sentence under § 924(e) for a felon-in-possession conviction.

§ 2255 motion on October 7, 1998, alleging the five prior convictions were improperly used to enhance his sentence and that his attorney was ineffective in failing to investigate his prior criminal history and argue that the previous convictions could not be used to enhance his sentence.

The magistrate judge to whom the matter was referred recommended dismissal of the motion with prejudice on the ground that the motion was untimely or, alternatively, that on the merits Mr. Blea was not entitled to relief. Mr. Blea filed written objections to the magistrate judge's report and recommendation. The district court adopted that report and recommendation and dismissed the action with prejudice.[2]

The government has filed a motion to dismiss this appeal, arguing that Mr. Blea's § 2255 motion was procedurally barred or, alternatively, meritless. We agree.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") became effective on April 24, 1996. The AEDPA imposed a one-year limitation on § 2255 petitions from "the date on which the judgment of conviction becomes

_____

[2]The district court made no ruling on Mr. Blea's request for a certificate of appealability. Under our Emergency General Order of October 1, 1996, we deem the district court's failure to issue a certificate of appealability within thirty days after filing of the notice of appeal as a denial of a certificate. See United States v. Riddick, 104 F.3d 1239, 1241 n.2 (10th Cir.), overruled on other grounds, United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), cert. denied, 118 S. Ct. 1375 (1998).

-3-

final." 28 U.S.C. § 2255(1). In <u>United States v. Simmonds</u>, 111 F.3d 737, 746 (10th Cir. 1997), we held that "prisoners whose convictions became final on or before April 24, 1996 must file their § 2255 motions before April 24, 1997." Mr. Blea's conviction became final in 1991. The one-year grace period applicable to inmates like Mr. Blea expired on April 24, 1997. Because Mr. Blea did not file his § 2255 motion until October 7, 1998, it is untimely under the AEDPA and <u>Simmonds</u>.[3]

_____

[3]Were we to address the merits of Mr. Blea's motion, we would agree with the district court that the motion is meritless. Mr. Blea argues that his sentence should not have been enhanced under § 924(e) because the predicate convictions, the five heroin trafficking convictions, should have been considered a single criminal enterprise. He bases this argument on the fact that "the five (5) prior sentences were single counts of a multiple count indictment, all the sentences were imposed on the same day, were committed in a short period of time, in close geographical proximity, were solved during the course of a single investigation, shared the same <u>modus operandi</u>, and were animated by the same motive." Appellant's Opening Br. at 2.

Section 924(e)(1) requires that the predicate convictions be "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Mr. Blea's heroin trafficking offenses occurred in 1975 on March 18, 19, 21, 28 and April 9. We have held that "drug offenses committed at 'distinct, different times' will be treated as separate predicate offenses for purposes of § 924(e)(1)." <u>United States v. Johnson</u>, 130 F.3d 1420, 1431 (10th Cir. 1997) (collecting cases), <u>cert. denied</u>, 119 S. Ct. 78 (1998). In <u>Johnson</u>, we held that drug offenses involving the same drug, occurring in the same geographical area, sharing the same <u>modus operandi</u>, and separated by three days and by five months "were clearly distinct in time and separate criminal episodes for purposes of § 924(e)(1)." <u>Id.</u>; <u>see also</u> <u>United States v. Samuels</u>, 970 F.2d 1312, 1315 (4th Cir. 1992) (holding that two drug offenses one day apart were separate offenses for § 924(e)(1) purposes); <u>United States v. Roach</u>, 958 F.2d 679, 683-84 (6th Cir. 1992) (holding that three drug sales occurring in a sixteen day period were separate offenses for § 924(e)(1)

(continued...)

-4-

For the foregoing reasons, we DENY the certificate of appealability and DISMISS the appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[3](...continued)
purposes); United States v. Tisdale, 921 F.2d 1095, 1098-99 (10th Cir. 1990) (holding that three separate burglary offenses had occurred for § 924(e)(1) purposes when defendant broke into a shopping mall and burglarized two businesses and a post office). In Johnson we cited with approval United States v. Maxey, 989 F.2d 303 (9th Cir. 1993), in which the Ninth Circuit held that drug offenses committed at distinct and different times are separate predicate offenses under § 924(e)(1) "even if committed within hours of each other, similar in nature, and consolidated at trial or sentencing." Id. at 306. In sum, the prior heroin trafficking offenses were properly considered separate predicate offenses for purposes of enhancement of Mr. Blea's sentence under § 924(e)(1).

Mr. Blea also argues that his attorney was ineffective in failing to argue that the prior convictions should not have been considered separate offenses for enhancement purposes. To establish his counsel was ineffective, Mr. Blea must demonstrate deficient performance and prejudice. See Strickland v. Washington, 466 U.S. 668 (1984). Given our conclusion above, we cannot say that Mr. Blea's counsel's performance was deficient in failing to pursue the argument about the predicate offenses. Moreover, "[t]o show prejudice in the guilty plea context, [Mr. Blea] must establish that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." See United States v. Kramer, 168 F.3d 1196, 1201 (10th Cir. 1999). In this case, Mr. Blea pled guilty in exchange for the dismissal of six counts against him, and he agreed to the sentence enhancement. He has not demonstrated that he would have foregone that favorable bargain had his attorney done anything differently.