# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

_____

MARK FRANCIS CARRIER,

     Petitioner-Appellant,

v.

RICHARD MARR; KEN SALAZAR,
Attorney General of Colorado,

     Respondents-Appellees.

No. 99-1137
(D. Colo.)
(D.Ct. No. 96-D-1419)

_____

ORDER
Filed December 27, 1999

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

This matter is before the court on appellant's motion to delete footnote number three from the order and judgment filed on December 20, 1999. The motion is granted. A copy of the revised order and judgment is attached.

Entered for the Court
Patrick Fisher, Clerk of Court

By:

Keith Nelson
Deputy Clerk

FILED
United States Court of Appeals
Tenth Circuit

DEC 20 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

MARK FRANCIS CARRIER,

Petitioner-Appellant,

v.

RICHARD MARR; KEN SALAZAR,
Attorney General of Colorado,

Respondents-Appellees.

No. 99-1137
(D. Colo.)
(D.Ct. No. 96-D-1419)

_____

ORDER AND JUDGMENT[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Mark Francis Carrier appeals the district court's decision dismissing his petition, filed pursuant to 28 U.S.C. § 2254, as a "mixed petition." We grant Mr. Carrier a certificate of appealability[1] and remand his petition to the district court for further determination.

Mr. Carrier is serving sentences for two counts of attempted second degree murder and crime of violence following the stabbing of his wife and her father. *People v. Carrier*, 791 P.2d at 1204, 1205 (Colo. Ct. App. 1990). Mr. Carrier unsuccessfully challenged his state convictions in a state direct appeal and state post-conviction proceeding. In both proceedings, the Colorado Court of Appeals affirmed his convictions and the Colorado Supreme Court denied certiorari review.

Mr. Carrier then filed his federal habeas corpus petition raising four issues, including claims of: (1) prosecutorial misconduct and (2) denial of due process through admission of testimony concerning his alleged prior threats and assaults on his wife. The magistrate judge recommended dismissal of all of his claims as

---

[1] We construe the appeal as Mr. Carrier's request to this court for a certificate of appealability. *See United States v. Riddick*, 104 F.3d 1239, 1241 n.2 (10th Cir. 1997), *overruled on other grounds, United States v. Kunzman*, 125 F.3d 1363 (10th Cir. 1997).

unexhausted, finding Mr. Carrier did not raise his federal constitutional claims in the state courts. Prior to the district court's disposition, Mr. Carrier moved for voluntary dismissal of two of his claims, leaving for the district court's disposition only his claims of prosecutorial misconduct and denial of due process in admission of testimony on his prior abuse and assault. The district court granted his motion and issued a decision dismissing his petition without prejudice, finding it a "mixed petition, [which] contains both an exhausted and an unexhausted claim.

Specifically, the district court determined the magistrate judge erred in finding Mr. Carrier failed to exhaust his state remedies on his claim the court denied him due process by admitting testimony on his prior abuse and assault of his wife. Having found Mr. Carrier exhausted this claim, the district court nevertheless agreed with the magistrate judge that he failed to exhaust his state remedies with respect to his prosecutorial misconduct claim. Using similar reasoning as the magistrate judge, the district court determined that while Mr. Carrier raised his prosecutorial misconduct claim before the state court, he failed to allege violation of his federal constitutional due process rights with respect to this claim. While Mr. Carrier quoted the general standards for prosecutorial misconduct, contained in *Berger v. United States*, 295 U.S. 78, 88 (1935), the

district court determined the *Berger* language did not set forth any principles of federal constitutional law, but merely articulated the principle that prosecutors are obliged to seek justice and not use improper means to obtain convictions. Accordingly, the district court held Mr. Carrier failed to explicitly mention any violation of his due process rights as to this issue, or otherwise alert the state court of his federal constitutional claim. In so holding, the district court reasoned that Mr. Carrier's reposturing of his prosecutorial misconduct claim in federal court as a federal constitutional claim did not cure the error of failing to present that claim to the state court.

On appeal, Mr. Carrier sets forth an exhaustive discussion renewing his argument his quotation from the *Berger* case on prosecutorial misconduct sufficiently alerted the state court of his federal constitutional claim. Specifically, he argues his reference to *Berger* should have fully informed the state court of his federal due process claim because: (1) other courts have used *Berger* in the context of federal constitutional prosecutorial misconduct cases;[2] and (2) he advised the state court the prosecutor's misconduct denied him a fair trial. Alternatively, for the first time on appeal, he contends he exhausted his

---

[2] We note the cases on which Mr. Carrier rely are inapposite or constitute nonbinding, nonprecedential authority.

prosecutorial misconduct claim because Colorado's standard of review on direct appeal is nearly the same as federal constitutional standard of review for such claims.  Mr. Carrier also argues the merits of his prosecutorial misconduct claim on appeal.

We review the legal basis for the district court's dismissal of Mr. Carrier's § 2254 petition *de novo*.  *See Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999), *petition for cert. filed* (U.S. Nov. 5, 1999) (No. 99-6954).  A district court must dismiss "mixed petitions" containing both exhausted and unexhausted claims.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  To exhaust his state remedies, Mr. Carrier must have fairly presented his federal claim to the state courts.  *See Picard v. Connor*, 404 U.S. 270, 275 (1971).  Exhaustion is not satisfied by "raising one claim in the state courts and another in the federal courts."  *Id.* at 276.  If Mr. Carrier wishes to claim a state's ruling denied him of due process of law guaranteed by the Fourteenth Amendment, he must state so "not only in federal court, but in state court."  *See Duncan v. Henry*, 513 U.S. 364, 366 (1995).

In this case, after the jury adjourned, Mr. Carrier's attorney asked for a curative jury instruction and "mistrial" based on the prosecutor's closing remarks during the trial. The trial court denied his request. Mr. Carrier next raised the issue of "prosecutor misconduct" in his petition for writ of certiorari to the Colorado Supreme Court in his post-conviction appeal. In his discussion on prosecutorial misconduct, he not only referred to the elements of prosecutorial misconduct contained in the *Berger* case,[3] but more importantly ended by stating the prosecutor's improper comments "affected the fairness of the trial." No

---

[3] Specifically, Mr. Carrier recited the following language from *Berger*:

The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor – indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

....

[I]mproper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none.

*Berger,* 295 U.S. at 88.

matter how inartfully pleaded, we believe, under these particular facts, Mr.

Carrier sufficiently alerted the state court of his federal constitutional due process

claim.  Thus, we must disagree with the district court's conclusion Mr. Carrier did

not present his federal claim to the state court for the purposes of exhaustion.

Having found Mr. Carrier exhausted his prosecutorial misconduct claim, we

decline to address his argument concerning the similarity of Colorado's standard

of review on direct appeal to the federal constitutional standard of review for

such claims, or consider the merits of his claims prior to a determination by the

district court.

Because Mr. Carrier exhausted his two claims before the state court and

therefore, his petition is not a  "mixed" petition, we grant Mr. Carrier a certificate

of appealability and **REMAND** his petition to the district court for further

determination.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge