**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 2 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEITH JUDD,

    Petitioner - Appellant,

v.

JOHN DANTIS, Director, Bernalillo
County Detention Center; GARY
JOHNSON, Governor, State of New
Mexico; and ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

    Respondents - Appellees.

No. 99-2251

(D.C. No. CIV-98-662-MV/DJS)

(D. New Mex.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining Petitioner's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Keith Judd appeals the district court's order denying his petition for writ of habeas corpus filed under 28 U.S.C. § 2254. Pursuant to North Carolina v. Alford, 400 U.S. 25, 37 (1970) (permitting defendant to enter guilty plea while maintaining innocence because expressed admission of guilt is not constitutional prerequisite to imposition of criminal penalty), Petitioner pleaded guilty to and was convicted in New Mexico state court of two counts of the use of a telephone to terrify, intimidate, threaten, harass, annoy, or offend. His sentence was deferred for 728 days on the condition that he comply with the conditions of his supervised probation.

According to the magistrate judge's interpretation, Petitioner raised ten claims in his § 2254 petition, some of which had not been raised in the state courts. The magistrate judge properly recommended that the "petition be dismissed without prejudice . . . to allow Petitioner to exhaust his state court remedies as to all of his claims." R., Vol. I, Doc. 34 at 3. After consideration of Petitioner's objections, the district court adopted the magistrate judge's recommendation. See id., Doc. 36. The court's order, however, inexplicably dismissed the petition *with* prejudice. This appeal followed and Petitioner requests a certificate of appealability from this court to determine whether the

dismissal with prejudice was erroneous.[1]  He also argues that his state remedies have been exhausted.

We grant the certificate of appealability and affirm that portion of the district court's order dismissing for failure to exhaust, but we reverse and remand for the sole purpose of instructing the district court to dismiss *without* prejudice to allow Petitioner the opportunity to present his unexhausted claims to the state courts or to refile a federal habeas petition containing only his exhausted claims. See Brown v. Shanks, 185 F.3d 1122, 1125 (10th Cir. 1999); cf. Rose v. Lundy, 455 U.S. 509, 510 (1982).

AFFIRMED in part, REVERSED in part, and REMANDED.

Entered for the Court

Monroe G. McKAY
Circuit Judge

---

[1]Although the district court did not act on the issue of a certificate of appealability, a certificate of appealability is deemed denied by the district court pursuant to the Tenth Circuit Emergency General Order of October 1, 1996.  See United States v. Riddick, 104 F.3d 1239, 1241 n.2 (10th Cir.), overruled on other grounds by United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), cert. denied, 523 U.S. 1053 (1998).