**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 3 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GARRETT LERON FOX,

    Defendant-Appellant.

No. 99-6369
(W.D. Okla.)
(D.Ct. No. CIV-99-1058-T)

_____

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Garrett Leron Fox, a federal prisoner appearing *pro se*, appeals

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's decision dismissing his motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. In so doing, Mr. Fox seeks a certificate of appealability to appeal the district court's denial of his § 2255 motion.[1] We deny Mr. Fox's request for a certificate of appealability and dismiss his appeal.

In his § 2255 motion, Mr. Fox raised several issues, all based on grounds his trial attorney rendered him ineffective assistance of counsel prior to and during trial, and at sentencing. Mr. Fox also requested an evidentiary hearing for the purpose of resolving his claims. In an exceedingly comprehensive order, the district court dismissed the motion. Applying the controlling Supreme Court and Tenth Circuit authority, the district court determined Fox: 1) never raised his § 2255 arguments in his direct appeal or made the requisite showing of cause and prejudice for failing to raise them; and 2) failed to show his counsel's performance was constitutionally deficient or that the alleged deficient performance prejudiced him.

---

[1] The district court made no ruling on Mr. Fox's request for a certificate of appealability. Under our Emergency General Order of October 1, 1996, we deem the district court's failure to issue a certificate of appealability within thirty days after filing the notice of appeal as a denial of the certificate. *See United States v. Riddick*, 104 F.3d 1239, 1241 n.2 (10th Cir. 1997). Accordingly, we construe this appeal as Mr. Fox's request to this court for a certificate of appealability. *Id.*

On appeal, Mr. Fox raises the same issues addressed by the district court. Ineffective assistance of counsel claims involve mixed questions of law and fact which we review *de novo*. *United States v. Prows*, 118 F.3d 686, 691 (10th Cir. 1997). Applying this standard, we have conducted a thorough review of the pleadings and record on appeal. For the purposes of judicial economy, we decline to duplicate the district court's comprehensive and correct analysis and resolution of Mr. Fox's claims. We hold Mr. Fox fails to show his counsel's performance was constitutionally deficient or that his counsel's alleged deficient performance, if any, prejudiced him.

In order for Mr. Fox to obtain a certificate of appealability, he must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He fails to do so. Accordingly, we deny Mr. Fox a certificate of appealability for substantially the same reasons set forth in the district court's Order dated July 29, 1999, and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-3-