**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSE LEON-MUNOZ,

      Defendant-Appellant.

No. 99-4219
(District of Utah)
(D.C. No. 97-CV-917-B)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Jose Leon-Munoz's *pro se* request for a certificate of appealability ("COA").[1]  Leon-Munoz seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2255 petition.  *See* 28 U.S.C. § 2253(c)(1)(B) (providing that a petitioner cannot appeal the denial of a § 2255 petition unless he first obtains a COA).  Because Leon-Munoz has not "made a substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Leon-Munoz pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326(a) and was sentenced to a term of seventy-seven months in a federal correctional facility.  Rather than filing a direct appeal, Leon-Munoz filed the instant § 2255 petition.  In his petition, Leon-Munoz asserted that his attorney had been ineffective in the following two respects: (1) failing to request a downward departure on the basis of a stipulated voluntary deportation and waiver of any right to a hearing in connection with the deportation process; and (2) failing to

---

[1]The district court did not rule on Leon-Munoz's request for a COA.  Under this court's Emergency General Order of October 1, 1996, we deem the district court's failure to issue a COA within thirty days after filing of the notice of appeal as a denial of the certificate.  *See United States v. Riddick*, 104 F.3d 1239, 1241 n.2 (10th Cir.), *overruled on other grounds by United States v. Kunzman*, 125 F.3d 1363, 1364 n.2 (10th Cir.1997), *cert. denied*, 523 U.S. 1053 (1998).

request an additional one-point downward adjustment in the base offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(b). In addition to his two ineffective assistance of counsel claims, Leon-Munoz also asserted that he was improperly sentenced pursuant to 8 U.S.C. § 1326(b)(2) because the government had failed to allege § 1326(b)'s prior felony element in the indictment.

Leon-Munoz's § 2255 petition was referred to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). In a thorough report and recommendation ("R & R"), the magistrate judge recommended that Leon-Munoz's petition be denied. The magistrate judge began his analysis by noting that to prevail on his ineffective assistance claim, Leon-Munoz must satisfy the two-part test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that in order to prevail on an ineffective assistance claim, a petitioner must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense to the extent of altering the outcome). As to Leon-Munoz's claim relating to the downward adjustment for acceptance of responsibility, the district court noted that despite his assertions to the contrary, Leon-Munoz had actually received the full three-point adjustment. Accordingly, he failed to meet either prong of *Strickland*. As to the claim that counsel was ineffective for failing to request a downward departure based on a stipulation for voluntary deportation, the district court noted as follows: (1) there

was no showing in the record that Leon-Munoz had ever entered into such a stipulation or expressed a desire to do so; (2) the United States Attorney's office in Utah did not have a practice of entering into such stipulations and there was nothing in the record to indicate the district court would have granted a departure absent such an stipulation; and (3) case law and revisions in the practices of the Attorney General seriously called into question the propriety of a downward departure on these grounds. Having resolved the ineffective assistance claims, the magistrate judge went on to note that Leon-Munoz's claim that he was improperly sentenced under § 1326(b) because his prior felony was not set out in the indictment was precluded by the Supreme Court's decision in *Almendarez-Torres v. United States*, 118 S. Ct. 1219, 1223-33 (1998) (holding that § 1326(b)(2) is a penalty provision, rather than a separate substantive crime, and that the government does not, therefore, have to charge the fact of an earlier conviction in the indictment). Over Leon-Munoz's objections, the district court adopted the R & R after conducting a *de novo* review.

Leon-Munoz is entitled to a COA only upon making a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(1)(B). He can make such a showing by demonstrating that the issues he seeks to raise are deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. *See Barefoot v. Estelle*, 463 U.S. 880, 893 (1983);

*see also Slack v. McDanial*, No. 98-6322, 2000 WL 478879, at \*7 (U.S. Apr. 26, 2000) ("[W]e give the language found in § 2253(c) the meaning ascribed it in *Barefoot*, with due note for the substitution of the word "constitutional."); *id.* ("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). A close review of Leon-Munoz's request for a COA and appellate brief, the R & R, and the entire record on appeal demonstrates that Leon-Munoz cannot make any of the necessary showings. Accordingly, this court **DENIES** Leon-Munoz's request for a COA for substantially those reasons set out in the R & R dated August 18, 1999. This appeal is therefore **DISMISSED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge