**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 27 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

THOMAS L. CHITWOOD,

     Petitioner-Appellant,

v.

TWYLA SNIDER, Warden; OKLAHOMA
DEPARTMENT OF CORRECTIONS; STATE
OF OKLAHOMA,

     Respondents-Appellees.

No. 00-6006
(W.D. Okla.)
(D.Ct. No. 99-CV-1255-L)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Thomas L. Chitwood, a state inmate appearing *pro se*, appeals the district court's decision denying his writ of habeas corpus petition filed pursuant to 28 U.S.C. § 2254. In order to appeal the decision, Mr. Chitwood seeks a certificate of appealability.[1] We deny Mr. Chitwood's request for a certificate of appealability and dismiss his appeal.

Mr. Chitwood pled *nolo contendere* to one count of shooting with intent to kill after former conviction of a felony, and received a thirty-year sentence on March 24, 1997. Mr. Chitwood did not file a direct appeal. More than one year after his conviction, on November 10, 1998, Mr. Chitwood unsuccessfully filed for post-conviction relief with the state district court. On March 31, 1999, the Oklahoma Court of Criminal Appeals affirmed the state district court's denial of post-conviction relief. On August 25, 1999, Mr. Chitwood filed his federal habeas petition, raising claims of ineffective assistance of counsel, no factual basis for his *nolo contendere* plea, and denial of a fair and factual hearing in state court.

---

[1] The district court made no ruling on Mr. Chitwood's request for a certificate of appealability. Under our Emergency General Order of October 1, 1996, we deem the district court's failure to issue a certificate of appealability within thirty days after filing the notice of appeal as a denial of the certificate. *See United States v. Riddick*, 104 F.3d 1239, 1241 n.2 (10th Cir. 1997).

The district court assigned the matter to a magistrate judge who recommended dismissing the petition as untimely because Mr. Chitwood failed to file it within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). In so holding, the magistrate judge determined statutory and equitable tolling of the one-year limitation was unavailable under the facts of this case. Specifically, the magistrate judge determined Mr. Chitwood's state post-conviction proceedings did not toll the one-year limitation period because he did not file his application requesting such relief until seven months after the limitation period ended. In addition, the magistrate judge found Mr. Chitwood's summary proclamation of actual innocence unconvincing and insufficient to overcome the statutory default of his federal claims. Finally, the magistrate judge determined Mr. Chitwood failed to diligently pursue his federal habeas claims. After reviewing Mr. Chitwood's objections thereto, the district court adopted the magistrate judge's report and recommendation and dismissed Mr. Chitwood's petition.

On appeal, Mr. Chitwood argues the merits of his petition, but fails to address the district court's holding his petition is barred by the applicable statute of limitations. We review *de novo* the legal basis for the district court's dismissal of Mr. Chitwood's § 2254 petition. *See Jackson v. Shanks*, 143 F.3d 1313, 1317

(10th Cir.), *cert. denied*, 525 U.S. 950 (1998).

Applying this standard, we have carefully reviewed the record on appeal, Mr. Chitwood's brief, the magistrate judge's report and recommendation, and the district court's order. We conclude Mr. Chitwood untimely filed his federal habeas petition. In order to appeal the denial of his § 2254 petition, Mr. Chitwood must make a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2). He fails to make the requisite showing.

Accordingly, for substantially the same reasons set forth in the magistrate judge's October 19, 1999 Report and Recommendation and the district court's December 21, 1999 Order, we deny Mr. Chitwood's request for a certificate of appealability and **DISMISS** his appeal. We also deny Mr. Chitwood's motion to proceed *in forma pauperis*.

Entered by the Court:

**WADE BRORBY**
United States Circuit Judge

-4-